# Kenyon *v.* Davis, Appellant.

*Will—Partition—Parties—Contingent interest—Sheriff's sale.*

Where a testator gives a share of his estate to a trustee to pay over the income, and at the trustee's discretion a portion of the principal to testator's son during life, and upon his death to pay over the principal to the son's children, or in default of such children, to testator's other children, the trustee of such share is the proper party in partition proceedings, and it is not necessary to join the son as party in such proceedings, or to appoint a trustee for the son's unborn children to act as a party.

A contingent interest in real estate may be sold at sheriff's sale.

Argued Nov. 8, 1907. Appeal, No. 142, Oct. T., 1907, by defendant, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1907, No. 201, on bill in equity in case of Thomas Kenyon v. Harry Davis. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance.

From the record it appeared that the defendant had agreed

in writing to purchase from plaintiff a lot of ground at the corner of Federal street and Erie street, in the city of Allegheny, for the sum of $200,000. The defendant refused performance on the ground that the title was not good and marketable. Plaintiff derived title to the land in question by a deed from a master in partition, dated January 15, 1901. The property had formerly been owned by William Semple, who died on June 14, 1889, leaving a will wherein, after giving his real estate to his widow for life or during her widowhood, upon her death or marriage, devised the same as follows:

"To my eldest sons, David, William and James M. Semple I give and bequeath two-ninth (that is to say, one-ninth to each) of my whole estate; the remaining seven-ninths of my estate I devise in five equal portions, that is to say: I give one of said equal parts to each of my children, William, Francis McDonald, Mrs. Spiegle and Mrs. Gardner (last two above named) and the remaining portion I give and bequeath to my brother, James Semple (now of Bellevue borough, Allegheny county, Pa.), his heirs or appointees, in trust for my son, Robert S. Semple, during his life, to manage the said portion, collect the income and profits, and to pay over such portions of the annual income or such portion of the principal as he in his uncontrolled discretion shall think fit and proper, to the intent that the said interest shall not be liable to debts incurred by said son, Robert S., or power of anticipation on his part, and on his death to pay over and give the said estate or portion to his, said Robert's children, but if he should die without issue living at his death, then the said interest or estate to go to my other children and their heirs, share and share alike."

After the testator's death judgments were obtained against two of testator's sons, James M. Semple and William Semple, Jr., and their respective interest in their father's estate was sold at sheriff's sale to Robert W. Cartwright and John D. Brown, trustee. Subsequently Elizabeth T. Spiegle, a daughter of testator, filed a bill for partition against the other parties interested in her father's estate. Cartwright and Brown were made parties and James M. Semple was made a party, but Robert S. Semple was not made a party. The partition proceedings resulted in the sale of the land in controversy as a whole to Thomas Kenyon. Robert S. Sem-

ple died January 27, 1903, without issue at the time of his death.

Young, J., after finding the facts at length, concluded his opinion as follows :

1. Under the will of William Semple the devise to James Semple, his heirs and appointees, carried to James Semple the whole legal estate in the undivided seven forty-fifths of the lands of which William Semple died seized, upon the trust to perform the active duties thereof, including the management of the portion, collecting the income and profits, and paying over such portion of the annual income or such portion of the principal as he in his uncontrolled discretion should think fit and proper, and on the death of Robert S. Semple to pay over and give the estate or portion to Robert's children, but if he should die without issue living at his death, then the interest or estate to go to testator's children and their heirs, share and share alike.

2. Under the will of William Semple, Robert S. Semple took only an equitable estate for life in the lands whereof his father died seized, and upon his death without issue the remainder would become vested in the brothers and sisters of Robert S. Semple.

3. James Semple, as trustee for Robert S. Semple under the will of William Semple, having taken the whole legal estate in the undivided seven forty-fifths of all the land of which William Semple died seized, was the only necessary party to the partition proceedings and had a right to appear on behalf of his cestui que trust, Robert S. Semple.

4. James Semple had the right to bid for, or accept or refuse the purparts at their appraised value, and having accepted on behalf of the trust estate the real estate situated in the county of Beaver the interest which accrued to either James M. Semple or William Semple, Jr., if any, upon the death of Robert S. Semple without children living at the time of his decease, attached to the purparts so accepted.

5. By the deed of William H. McCleary, sheriff of the county of Allegheny, to Robert W. Cartwright, dated September 23, 1893, as found in the eighth finding of fact, all the right, title and interest of James M. Semple in and to the

real estate described in complainant's bill, whether vested or contingent, passed to and vested in Robert W. Cartwright, the purchaser at sheriff's sale, and James M. Semple was not a necessary party to the proceedings in partition.

6. By the deed of William H. McCleary, sheriff of the county of Allegheny, to John D. Brown, trustee, dated September 23, 1893, set out in the ninth finding of fact, all the right, title and interest of William Semple, Jr., in and to the real estate described in the first paragraph of complainant's bill, whether vested or contingent, passed to and vested in John D. Brown, trustee, the purchaser at sheriff's sale, and William Semple, Jr., was not a necessary party to the proceedings in partition.

7. The contingent remainder devised to James M. Semple and William Semple having passed by the sheriff's sale to Robert W. Cartwright and John D. Brown, trustee, and they having been made parties to the bill for partition and served and having appeared and answered the bill, and the remaining brothers and sisters entitled to a contingent estate upon the death of Robert without issue having been made parties to the partition proceedings, the whole contingent estate was represented in the proceedings, and it was not necessary to raise a trustee to represent those contingent remainders.

8. The whole legal estate having passed to James Semple, trustee, and he having the power to accept or refuse purparts, it was not necessary to raise a guardian or trustee to represent the unborn children of Robert S. Semple.

9. Robert S. Semple having died January 15, 1903, without issue, there is no outstanding estate, vested or contingent, legal or equitable in any person, all parties necessary having been made parties to or been represented at the partition proceedings, and concluded by the final decree in partition.

10. At the date of the making of the contract, marked exhibit "A" and attached to the bill of complaint, and the tender of the deed pursuant thereto, Thomas Kenyon had a good and marketable title to the real estate described in the first paragraph of the bill in fee simple.

11. The defendant must be decreed to make specific performance of his contract set out in exhibit "A," attached to the bill, upon the the tender to him of a deed in fee simple for

the lands descrbed in the first paragraph of the bill, by paying to the plaintiff in cash the sum of $85,000, together with interest thereon from July 1, 1906, and the payment of any taxes paid by the plaintiff upon said land for the year 1906 or subsequently thereto, the payment to plaintiff of the sum of $316.62, being his proportion of the premiums of insurance paid by the plaintiff upon policies of insurance as provided by the agreement, and execute and deliver to the plaintiff his common bond and tight mortgage for the sum of $100,000, payable in three years from July 1, 1906, in gold or its equivalent, with interest at the rate of 5.4%, payable semiannually, as provided by said agreement.

### DISCUSSION.

The principal question 'is whether or not there is an outstanding interest in the real estate described in the bill in James M. Semple and William Semple, which prevents the plaintiff from making a good and marketable title for the lands described in the agreement or contract of sale, the specific performance of which is sought.   Under the will of William Semple there was bequeathed to James Semple, in trust for Robert S. Semple, seven forty-fifths of the estate of the testator, including the land in question, in trust to manage the said portion and pay the income and profits or so much of the principal as the trustee in his discretion should think fit, and at the death of Robert S. Semple to pay over the portion to the children of Robert living at his death, or in default of issue living at the death of Robert S. Semple, to the children and heirs of the testator, share and share alike, James M. and William Semple being two of such heirs.   Robert S. Semple was not made a party to the proceedings in partition, nor was it necessary that he should be made a party.   His interest could be and was represented by his trustee, who took the whole legal estate : Hutchison's Appeal, 82 Pa. 509 ; Phelps v. Townsley, 92 Mass. 554 ; Rules of Supreme Court in Equity, 23rd Rule.   Nor was it necessary to appoint a trustee to represent the interest of the unborn children of Robert Semple. The estate given to James M. Semple, trustee, was a devise of the whole legal estate, because the estate is given to him and his heirs and appointees with the right to dispose of the an-

nual income and such portion of the principal as the trustee in his uncontrolled discretion should think fit, and he could maintain a bill in partition for the purpose of having the trust estate set aside in severalty. This case seems to us to differ from the case of Holmes v. Woods, 168 Pa. 530, in that the whole legal estate having passed to James Semple, and he having been made a party representing that entire legal estate, he necessarily represented the interest of the unborn children. He then, too, as the holder of the legal title could have maintained partition for the purpose of having the interest set aside in severalty. In Hutchison's Appeal, 82 Pa. 509, the petition for partition was dismissed because those holding the equitable title sought partition and thereby deprived the holder of the legal estate of his title and control and prevented him from performing the duties placed upon him by the will. The converse of his proposition is therefore true, that the holder of the legal estate may without interference on the part of his cestui que trust, or those having a contingent interest, for the better performance of his trust, have partition in order to have the interest set aside in severalty. We know of no case refusing partition to the holder of whole legal estate. To admit the cestui que trust or a trustee for the unborn children, would, if it is necessary to make them parties, bring them in where they would have the right to and might do the very thing prohibited by the case of Hutchison's Appeal, that is, strip the holder of the legal estate of all the power and duties placed on him by the testator. James Semple, trustee, having authority, then, and full power to appear and represent the interests of the cestui que trust and the unborn children of Robert under the devise to Robert S. Semple, and having accepted, chosen and taken in severalty certain purparts, all contingent interests were taken away from the property in controversy in this case and became attached to the other purparts chosen by James Semple in the partition proceedings: Merklein v. Trapnell, 34 Pa. 42. But James M. Semple and William Semple were not necessary parties to the bill in partition because their interest had been taken from them by the judicial sale of their interests upon the executions upon judgments obtained against them. The interest of James M. Semple in the real estate, and his contingent interest in the por-

tion of the devise to James Semple in trust for Robert S. Semple, were seized upon by the sheriff and sold and became vested in Robert Cartwright.   The same is said of the interest of William Semple in the real estate and his contingent interest under the devise to Robert Semple, which was seized by the sheriff upon a proper judgment and conveyed to John D. Brown, trustee.   Were authority necessary to sustain the position that the contingent interest can be sold at sheriff's sale we have it in the very old case of Roe v. Humphreys, 1 Yeates, 427 ; the case of Drake v. Brown, 68 Pa. 223 ; Robins's Estate, 199 Pa. 500 ; Wickersham's Appeal, 18 W. N. C. 36 ; Ogden v. Knepler, 1 Pearson, 145.   Under these authorities, then, and under the findings of fact that the sheriff did levy upon and seize all the right, title, interest and claim of James M. Semple and William Semple in the land in question, there can be but one conclusion—that they had no further interest in those lands and that their complete title to them passed to Cartwright and Brown, and therefore the subsequent proceedings in partition by the master's sale gave to Thomas Kenyon, the plaintiff, an estate in fee simple in the lands described in the first paragraph of the bill, and he holds those lands by good and marketable title, which he can convey to the defendant.   A decree should, therefore, be drawn in accordance with the conclusions found above.

*Error assigned* was decree awarding specific performance.

*M. J. Hosack*, of *Hosack, Knox & Hosack*, with him *W. B. Rodgers*, for appellant.

*F. C. McGirr*, with him *John Marron*, for appellee.

PER CURIAM, January 6, 1908 :
The decree is affirmed on the opinion of the learned judge of the common pleas.