## Henry's Estate.

*Wills—Vested and contingent remainder—Trusts and trustees.*

Where a testator by his will leaves his estate to his wife for life or widowhood, and at her death or remarriage, gives the estate to "such child or children of my said wife by me as shall be then living, and to their heirs and assigns forever, the representative of any deceased child to have the share of his, her, or their parent," the remainders to the children are contingent; and the court has no power, in such a case, to award to the widow as guardian of her children, and with her own acquiescence, a portion of the principal of the estate, although it appears that funds are necessary for their maintenance and support.

Submitted Dec. 10, 1912. Appeal, No. 3, Oct. T., 1912, by Mary A. Henry, from decree of O. C. Phila. Co., Jan. Term, 1910, No. 34, vacating a decree to pay over money in Estate of John Henry, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition to vacate an order to pay over money.

ANDERSON, J., filed the following opinion:

The testator by his will left his estate to his wife for life or widowhood, and at her death or remarriage gave the same to "such child or children of my said wife by me as shall be then living, and to their heirs and assigns forever, the representatives of any deceased child to have the share of his, her or their parent," and appointed his said wife guardian of his minor children.

Testator left him surviving his widow and two minor

children, and upon proper proceedings a trustee was appointed to take the estate and hold the same upon the trusts contained in the will.

Subsequently, upon petition to this court, a decree was entered, with the acquiescence of the widow as life tenant, that the sum of $1,000 out of the principal of the estate, be paid over to her as guardian for the minor children, it having been shown to the court that this sum was necessary for their maintenance and support. The trustee, who was ordered to pay the money, being of opinion that the children had no present interest in the estate but merely a contingent one, now applies to the court to have the said decree vacated.

We feel that the trustee is justified in making this application, and that the decree referred to was improvidently made. Where a gift is to persons who should be living at a particular time, it has been held that until the arrival of that time it is impossible to ascertain who are the parties entitled, and that the gifts necessarily are contingent: Mulliken v. Earnshaw, 209 Pa. 226; Raleigh's Estate, 206 Pa. 451; Rudy's Estate, 185 Pa. 359, and this was followed in the recent case of Lewis's Estate, 231 Pa. 60, in a case in which the language of the will is almost identical with the present, where the Supreme Court said in a per curiam opinion, "The widow of the testator, for whose benefit he created the trust which she and their only surviving child wish to have terminated, is still alive. Who will be the ultimate distributees of the fund under the will of her husband cannot be terminated until her death and the court below could not have made a decree terminating the trust without the consent of all parties in interest. Such parties were not before it, for some who may ultimately participate in the fund may not yet be in existence."

Certainly what cannot be done directly upon an application for the termination of a trust, cannot be done by indirection, and there is therefore no authority for awarding a part of the fund here to the guardian of the children.

57, (1913).] Opinion of Court below—Opinion of the Court.

The prayer of the petition is therefore granted and the decree heretofore made vacated.

*Error assigned* was the decree of the court.

*William W. Lucas*, for appellant.

*Harvey Gourley*, for appellee.

PER CURIAM, February 27, 1913:

We are of opinion that the orphans' court correctly held that, according to the doctrine of the later cases, particularly Mulliken v. Earnshaw, 209 Pa. 226, the remainders created by the will of John Henry, deceased, were contingent, and, therefore, that the decree of April 1, 1911, was improvidently entered. The decree vacating it, from which this appeal was taken, is affirmed for the reasons given in the opinion of the orphans' court.