## Gill's Estate.

*Trusts and trustees—Wills—Termination of trust—Parties—Bringing in parties in interest.*

Where a testator leaves his estate in trust for a son and daughter with direction to the trustee to pay the income to the cestuis que trust or the survivor, and to pay over the principal to them if the trustees deem it wise and prudent, the daughter surviving her brother, who died without issue, cannot, after her majority, marriage and with minor children living, compel payment of the principal to herself, where the trustees answered her petition to end the trust by stating that they did not deem it wise or prudent or for the best interests of the petitioner nor can it be terminated in any case unless such a petitioner brings upon the record her minor children and others who might be born, through properly appointed representatives, and likewise all persons possessed of a possible ultimate beneficial interest under testator's will in case of the death of the petitioner without children.

Argued April 10, 1928.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 63, Jan. T., 1928, by Nora C. Amour, petitioner, daughter of decedent, from decree of O. C. Schuylkill Co., dismissing petition to terminate trust in estate of Richard F. Gill, deceased.  Affirmed.

Petition to terminate trust.  Before Wilhelm, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed.  Nora C. Amour, petitioner, daughter of decedent, appealed.

*Error assigned*, inter alia, was decree, quoting record.

*Edgar Downey*, with him *Ralph M. Bashore*, for appellant.

*George Ellis*, with him *John F. Whalen*, for appellee.

Per Curiam, May 7, 1928:

Testator devised his estate in trust for a son and daughter, "for their maintenance and education," directing that the trustees named by him,—a trust company and certain individuals,—should invest the fund so that it would "bear sufficient interest" to pay for such "education and maintenance."  He further particularly directed that the trustees should "not deliver over any of the principal......until such time as [they] in their judgment deem[ed] it wise and prudent to deliver over the same," and that, "when in the best judgment of [such trustees] they deem[ed] it wise and prudent to deliver over to [testator's two children] or the survivor of them the principal of said trust fund," they might do so.  Finally, he provided that, "in the event of both......children dying without issue," the property was to go to certain named beneficiaries.

The testator died in 1909 and his son in 1917. The daughter, who is of full age, married and has two children, claiming that the trust should no longer legally continue, demanded that the trustees turn over the fund to her. The trustees answered that they did not deem it wise and prudent, or for the best interest of the petitioner, "to turn over to her said estate other than the interest thereof for her maintenance;" which they declared was being regularly done. The trustees averred also that, if the corpus were turned over to the petitioner, "the same would, in every likelihood, be dissipated and lost."

The court below refused the relief prayed for, stating: "As this record stands, the prayer of the petition should not be granted because the contingent remaindermen have not been made parties to the proceeding; before an order could be made dissolving this trust, the contingent remaindermen are entitled to have their day in court." For present purposes, it is sufficient to say that, under the principles laid down by this court in Spring's Est., 216 Pa. 529, the trust here attacked is not an unlawful one, and the conclusion of the court below to the effect that, in the proceedings before it, this trust could not be declared at an end, was undoubtedly right. Before an order such as that prayed for could be judicially considered, or a definitive construction be placed on the property rights of others, possibly here involved, the petitioner would have to bring upon the record of any proceeding instituted for that purpose every person with any possible interest whatsoever in the trust; which would mean petitioner's minor children (including both those already born and those who might hereafter be born), through properly appointed representatives (Smith's Petition, 291 Pa. 129, 132), and likewise all persons possessed of a possible ultimate beneficial interest in case of the death of petitioner without children.

The decree appealed from is affirmed at cost of appellant.