## Armstrong v. Germantown Trust Company et al.

Bell, Trinkle, Truscott & Bell, for plaintiff;  H. H. Myers, Jr., for defendants.

MARTIN, P. J., July 30, 1929.—A bill in equity was filed, praying for an accounting and retransfer of the proceeds of building and loan association shares transferred by complainant to the Pelham Trust Company, now the Germantown Trust Company, in trust for some of complainant's children.

The bill avers that complainant is the mother of four children, Margaret Marie Armstrong, born in 1916; Robert John Armstrong, born in 1918; Rachel Janet Armstrong, born in 1924, and Gertrude Armstrong, born in 1926, all of whòm are living and residing with their mother; that the Pelham Trust Company, now the Germantown Trust Company, was named trustee under a deed of trust executed by complainant on Sept. 12, 1923, in which she assigned certificate No. 45053, for twenty shares of Class "C" (insured) stock of the Mutual Guarantee Building and Loan Association, to the Pelham Trust Company in trust; that these shares have matured, and the proceeds, with interest, amount to approximately $2000; that the transfer was in trust to hold the shares or proceeds for complainant's two children, Margaret Marie Armstrong and Robert John Armstrong, and any subsequent issue born prior to maturity of the stock; that this stock constituted a substantial part of complainant's property and estate; that the deed of trust was purely voluntary and without consideration; that complainant was, and now is, sui juris, fully capable of managing and controlling her own estate; that there was no reason, desire or motive for making the trust irrevocable; that complainant, prior to the execution of the deed, consulted an officer of the Pelham Trust Company and stated to him that because of her ill-health and other conditions she desired, in the event of her death, that the building and loan association stock should be equally divided between her two living children and any child born prior to the maturity of the stock, and informed him that it was her intention and desire to be able to obtain the principal and interest of the stock at any time, and that it was not her intention or desire to create a trust which she would not be able to revoke; and upon the faith of assurances by the officers of the trust company, and understanding that the deed was in conformity with her intention, she executed it; that she was unused to legal terms and phraseology and did not know, and was not advised, that to be revocable the deed should contain a power of revocation; that at the date of the maturity of the stock, on Oct. 8, 1926, complainant had three children living, Margaret Marie Armstrong, Robert John Armstrong and Rachel Janet Armstrong, who are the sole beneficiaries under the terms

of the deed of trust, but subsequently to the maturity of the stock, on Nov. 28, 1926, another child, Gertrude Armstrong, was born to complainant, and is not entitled to participate in the estate under the terms of the deed of trust; that on Jan. 17, 1929, complainant executed and acknowledged a deed formally revoking and making void the deed of trust, and gave notice thereof to the trustee, and demanded the papers and securities comprising the trust, which demand was refused by the trustee; that at the time of the execution of the deed of trust complainant was in ill-health and pregnant, and had been advised that delivery of the child would probably cause her death; and the deed of trust was executed to direct the disposition of her property in the event of her death at the birth of the child.

The guardian *ad litem* of the minors, Margaret Marie Armstrong, Robert John Armstrong and Rachel Janet Armstrong, filed an answer, denying knowledge of the truth and accuracy of the averments of the bill, and demanding proof thereof.

The Germantown Trust Company filed an answer, admitting many of the averments of the bill, but denying that complainant ever informed the officers of the trust company that it was her desire and intention to be able to obtain the principal and interest of the stock at any time she saw fit, or that she advised them of her "intention and desire not to create a trust which she would not be able to revoke at any time."

The question raised by the pleadings is whether complainant executed the deed of trust under a mistake of fact, or of mixed law and fact, through not being informed that the deed as drawn was irrevocable, and that its effect would be to bar from participation in the trust fund any child born after the building association shares of stock matured and to prevent the settlor from revoking the trust if she survived the impending ordeal of childbirth.

*Findings of fact.*

1. The complainant, on Sept. 12, 1923, executed a deed of trust to the Pelham Trust Company, now the Germantown Trust Company, for twenty shares of Class "C" (insured) stock of the Mutual Guarantee Building and Loan Association, for the benefit of complainant's two children, Margaret Marie Armstrong and Robert John Armstrong, and any subsequent child that might be born to her prior to the maturity of the shares of stock.

2. At the time of the execution of the deed, complainant was in ill-health and pregnant. A child, Rachel Janet Armstrong, was born in March, 1924. The shares of stock matured on Oct. 8, 1926. Another child, Gertrude Armstrong, was born on Sept. 28, 1927.

3. At the time she executed the deed of trust, complainant stated to the officers of the trust company that she was in ill-health and desired, in the event of her death, the stock to be equally divided among her two children then living, and any child born prior to the maturity of the stock.

4. The deed of trust was prepared by an officer of the building and loan association, under direction of the officers of the trust company. No one informed complainant of the effect of executing the deed without a power of revocation, or that she could insert a power of revocation in the deed.

5. No money consideration passed at the time of the execution of the deed, which was purely voluntary. Complainant continued to make payments on the shares of stock until the maturity of the shares, except for the last two months.

6. The complainant has formally and informally attempted to revoke the trust.

## Discussion.

Complainant by her declaration of trust placed herself in the position of disinheriting her last born child. The deed of trust embraced substantially all of the estate of the settlor. There was no discussion or thought of the effect of the absence of a power to revoke. The deed of trust was made while the settlor was pregnant and in ill-health, expecting the possibility of death at the coming birth of a child, and it was her desire to have her little estate go to her children who might be living at the time of the maturity of the building association shares.

This case differs from those in which the primary cause for the execution of a trust is the protection of the settlor by a reservation of a life estate and a subsequent disposition to persons named by the settlor, or in default of appointment, to the next of kin. The primary cause for creating the trust in this case was to protect the settlor's children in the event of her death. While it is not essential to the validity of a deed of trust that the settlor should be informed of the advisability of inserting a power of revocation, and the effect of the absence of such power, the failure of counsel to advise upon the subject is *prima facie* evidence of mistake, in the absence of a certain intent to make the trust irrevocable; and where the purpose of the settlement no longer exists, and the present effect of the deed indicates that the settlor could not have deliberately intended to execute it without a power of revocation, the trust will be set aside as having been executed under a mistake: Russell's Appeal, 75 Pa. 269.

This principle has been followed in numerous cases: Rick's Appeal, 105 Pa. 528; Miskey's Appeal, 107 Pa. 611; Chestnut Street National Bank *v.* Fidelity Ins. Co., 186 Pa. 333; and Potter *v.* Fidelity Ins., &c., Co., 199 Pa. 360.

The evidence is not convincing that complainant, prior to the execution of the deed, told the officers of the trust company she wished to reserve the power to repossess herself of her property at any time, or that she desired the power to revoke the trust in the event of not dying. This appears to be an afterthought on her part. It is admitted that there was a suggestion of her ill-health and the expectation that she might die, when her child should be born, shortly after the deed was executed. The contingency having passed and the fact that an after-born child is not included as a beneficiary under the trust, are circumstances to support the conclusion that the settlor did not intend to execute an irrevocable deed of trust.

## Conclusions of law.

1. The complainant executed the deed of trust on Sept. 12, 1923, under a mistake of fact.

2. The failure to insert a power of revocation in the deed of trust was improvident.

3. The evidence does not establish a deliberate and clear intention upon the part of the settlor to execute an irrevocable deed of trust.

4. The deed of trust should be canceled, and the defendant, the Germantown Trust Company, should account to complainant for the proceeds of the trust estate.

5. The costs of this proceeding, including the cost of accounting, are directed to be paid out of the trust estate.

Of the thirty-four requests for findings of fact submitted by complainant, the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 14th, 15th, 17th, 18th, 19th, 20th,

21st, 22nd, 23rd, 24th, 25th, 26th, 27th, 28th, 29th, 30th, 33rd and 34th are affirmed; but the 34th is affirmed with the qualification that the last two months' dues upon the building association shares were not paid by complainant.

The 10th, 11th, 12th, 13th, 16th, 31st and 32nd requests for findings of fact are refused.

Of the twenty-seven requests for conclusions of law submitted on behalf of complainant, the 1st, 2nd, 3rd, 4th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 15th, 16th, 19th, 20th, 21st, 22nd, 23rd, 24th, 25th and 27th are affirmed.

The 5th, 14th, 17th, 18th and 26th requests for conclusions of law are refused. The 26th is refused for the reason that the evidence to support it was rejected, and was not essential to a determination of the case.

It is ordered, adjudged and decreed as follows:

1. The defendant, Germantown Trust Company, is directed to file a final account of the trust under the deed of trust of Rebecca J. Nelson Armstrong, dated Sept. 12, 1923; and to reconvey and retransfer to complainant, Rebecca J. Nelson Armstrong, her executors, administrators and assigns, free, clear and discharged from said trust, all property, effects, investments, principal and income forming the subject of the trust now held by the Germantown Trust Company.

2. The deed of trust of Sept. 12, 1923, is set aside, and the Germantown Trust Company is directed to deliver it to complainant for cancellation.

3. The costs of this proceeding and of accounting and transfer of the assets are directed to be paid out of the trust estate.

4. The prothonotary is directed to give notice to the parties, or their counsel of record, of the filing of this decree *nisi.*