## Whitaker's Estate

*Herman Toll*, for petitioner.

*James C. Duffy, Henry C. Remick*, and *Willis B. Heidinger*, contra.

BOLGER, J., March 17, 1939.—This is a petition for review of an adjudication filed May 11, 1937, confirming the first account of the trustees of the residuary estate, in order that Stanley Whitaker, one of the cestuis que trustent for life, may obtain the termination of the trust and the award of principal of his share absolutely.

Answers have been filed by a guardian ad litem for the four minor children of the life tenant, who are remaindermen, and by the surviving trustee, and as well a demurrer by an adult remainderman.

Petitioner avers that he is in distress and in need of funds to support his wife and children, and he contends that, by reason of the discretionary powers conferred upon the trustee by the will, a periodical allowance from principal, to supplement the income, should be made for the support of himself and minor children, who are in the first instance the remaindermen.

Respondents deny that such allowance is within the powers of the surviving trustee, which are set forth in the eighth paragraph of the will, as follows:

"Eighth. If my son Stanley Whitaker after having arrived at the age of twenty-five (25) years shall be engaged in or about to become engaged in business, and in the judgment of the trustees herein named, or the survivor or survivors of them, my said son Stanley Whitaker shall require money or capital for the purpose of such business enterprise, and shall, in the judgment of the said trustees, be competent to manage or control the same, and if the said trustees, or the survivor or survivors of them, shall deem it proper and advisable so to do, I hereby authorize and empower the said trustees, or the survivor or survivors of them, to pay and turn over to my said son Stanley Whitaker a part or the whole of that proportion of the principal of my said residuary estate yielding and producing the proportion of the income to which my said son would at the time be entitled. . . ."

The will contains in paragraph seventh spendthrift provisions both as to the income and principal of the trust.

It appears that on two occasions the trustee made advancements to petitioner to enable him to engage in business, in the aggregate sum of $9,000, which engagements in both instances resulted in failure.

It is clear from the will that the power of the trustee to make advancements from the principal of the estate is restricted to the one purpose of setting up the life tenant in business. Otherwise the principal must be kept intact to provide an income for the life tenant, and to protect the remainder interests of his issue, and of the other contin-

gent remaindermen mentioned in paragraph 6 (*h*) of the will.

The court has no power to award to the life tenant or his children a portion of the principal of the estate, although it appears that funds are necessary for their maintenance and support: Henry's Estate, 53 Pa. Superior Ct. 57; Gill's Estate, 293 Pa. 199.

After argument before the court in banc, petitioner asked leave to withdraw his petition. The trustee and other parties oppose this request and insist that the matter be finally disposed of, because of the importunate solicitations of petitioner and harassment of the trustee over a long period of time, and the expense of counsel fees and costs in this proceeding, including the compensation of a guardian ad litem.

Whether a party may discontinue his suit is a matter of discretion with the court: Cross' Estate, 309 Pa. 418. Petitioner has shown no good cause for the withdrawal of his petition, and his request is denied.

The petition is dismissed.