## Curry Appeal.

106

Argued January 10, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Martin Goodman*, with him *Alexander A. Notopoulos*, for appellant.

*B. C. Jones,* with him *Jones & Newlin,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 28, 1957:

In 1950 George L. Curry, II, having become 21 years of age, established an irrevocable inter vivos trust with a corpus of $50,000 and named the First Blair County Bank, Tyrone, Pennsylvania, trustee. The trust instrument provided for the payment of income to the settlor for life, and thereafter, to his children until the youngest should reach 21, at which time the principal was to be paid in equal shares to the children and the issue of deceased children per stirpes. In default of surviving children or their issue, the fund was to be paid over to the settlor's then heirs-at-law.

In 1955 the settlor filed a petition in the Court of Common Pleas of Blair County to terminate the trust. Proceeding under Section 2(a) of the Estates Act of 1947, Act of April 24, 1947, P.L. 100, as amended, 20 P.S. §301.1 to §301.22 (Supp.), Curry alleged that a change in his status had caused the trust to become oppressive, and that the original purpose behind the creation of the trust could not be carried out. He prayed for partial termination of the trust and distribution of the corpus directly to him in the amount of $25,000. The record discloses that notice of the proceeding was given *only* to the trustee.

After a hearing, the court entered a decree dismissing the petition because it found no evidence to indicate that the purpose of the trust had become impracticable of fulfillment. The settlor obtained new counsel, and a petition for a rehearing was filed and granted. At the rehearing the settlor sought relief under the general equitable powers of the court and advanced two new theories; one, that the failure to include a revocation clause in the agreement was the result of mistake, and two, that the trust was testamentary in nature. The court affirmed its earlier decree, and refused to termi-

nate the trust either in whole or in part; hence, this appeal.

Section 2(a) of the Estates Act of 1947 provides: "The court having jurisdiction of a trust . . . may terminate such trust in whole or in part . . . provided the court after hearing is satisfied that the original purpose of the conveyor cannot be carried out . . . *and notice is given to all parties in interest or to their duly appointed fiduciaries.*" Act of April 24, 1947, P. L. 100, §2(a), as amended, 20 PS §301.2 (Supp). (Emphasis supplied).

Under this Act, when the parties whose interests would be adversely affected are not *in esse,* the court has the obligation to appoint fiduciaries ad litem in their behalf. If, therefore, this action to determine the trust is brought under the Estates Act of 1947, relief must be denied because the court has failed to make all persons in interest—here, the unborn children and the unascertained heirs-at-law—parties to this proceeding.

Not only in actions brought under the Estates Act but, "[i]n all judicial proceedings, actual or constructive, notice and an opportunity to be heard, are essential before anyone's property can be taken from him, or be converted into some other kind of property, without his consent. This is and should be especially true as to those who are minors. As we said in White's Est., 163 Pa. 388, 399: 'But the conclusive character of a judgment or decree depends not only upon the statutory grant of jurisdiction to the court pronouncing it, but upon actual jurisdiction over the persons whose rights are the subject of investigation. Unless the court has the parties before it, by appearance or service of process, it is obvious that it cannot bind them by its adjudications.' Under such circumstances, the decree of the court is void and is subject to collateral attack: Simpson's Est., 253 Pa. 217; Clark's Est., 275 Pa. 506, 509." *Komara's Estates,* 311 Pa. 135, 140, 166 Atl. 577 (1933).

All the beneficial interests in a trust may be vicariously present in, and represented by, the named trustee, and for this reason, in the absence of a statutory requirement,[1] there may be no necessity for the appointment of independent trustees ad litem to represent unascertained beneficiaries in proceedings affecting their interests. *Kenna Estate*, 348 Pa. 214, 34 A. 2d 617 (1943); *Kenyon v. Davis*, 219 Pa. 585, 69 Atl. 62 (1908); *Kerrison v. Stewart*, 93 U. S. 155, 160 (1876). But when the named trustee represents conflicting interests or is not apt to act in the best interests of the cestui que trust, or if the court believes that supplementary counsel is desirable in order to fully defend the rights of such beneficiaries, then the court has the duty to appoint ad litem trustees. *Kenna Estate*, supra, 348 Pa. at 218.

The determination of whether additional representation is necessary lies within the sound discretion of the court which hears the cause. In the present case, however, we are unable to say that the lower court abused its discretion by failing to appoint independent trustees. We will, therefore, proceed to decide the contentions of the petitioner upon their merits.

The statutory relief afforded by the Estates Act of 1947 is available only upon a showing that the original purpose of the conveyor cannot be carried out, or is impractical of fulfillment, and that the partial termination more nearly approximates the intention of the conveyor. Act of April 24, 1947, P.L. 100 §2, as amended, 20 P.S. § 301.2 (Supp).

---

[1] E. g. Act of June 7, 1917, P. L. 447, §59(k), as amended, 20 P.S. §1071 (Fiduciaries Act of 1917); *Komara's Estates*, 311 Pa. 135, 166 Atl. 577 (1933); *Gill's Estate*, 293 Pa. 199, 142 Atl. 207 (1928). Act of June 7, 1917, P. L. 388, §4, as amended, 20 P.S. §1601 (Revised Price Act); Act of April 24, 1947, P. L. 100, §2(a), as amended, 20 P.S. §301.2 (Supp). (Estates Act).

A thorough review of the record fails to disclose any evidence which would satisfy these requirements. On the contrary, the evidence tended to demonstrate the continued need of the trust. The settlor has in some unexplained fashion already managed to dissipate over $50,000 paid to him in 1950. We believe that the continuation of the trust, assuring the settlor of perpetual income, is well advised.

The settlor's contentions with respect to mistake are also without merit.

Of course, if a settlor is induced by mistake to create a trust, then in the absence of consideration paid for the transfer, or a change of position by a beneficiary, he may revoke the trust. *Restatement, Trusts,* §333, comment e, (1935); *Scott, Trusts,* §333.4 (1956). *Accord: In re: Painter's Estate,* 42 Pa. 156, 159 (1862). So also, where the settlor intended to reserve a power of revocation but by mistake omitted to insert such a power he may revoke the trust. *Miskey's Appeal,* 107 Pa. 611, 620, 621, 632 (1883); *Restatement, supra,* §332, comment a; *Scott, supra,* §332.

Nothing in the record impels us to disagree in any way with the conclusions reached by the court below on the issue of mistake. We approve, and quote from, the findings made by the learned judge:

"We find as a fact . . . that Petitioner was of above normal intelligence; that he was fully informed and conversant with the terms of the trust; that he has received the benefits of the trust fund for over five years since its execution; and we conclude, . . . [that] no fraud, duress, or undue influence, or advantage, or imposition, were practiced on the Petitioner in securing the execution of the deed of trust."

The third and last contention of the petitioner is that the trust was testamentary in character, and hence revocable by the settlor.

Petitioner puts his faith in *Frederick's Appeal,* 52 Pa. 338 (1866), and its offspring—*Russell's Appeal,* 75 Pa. 269 (1874); *Rick's Appeal,* 105 Pa. 528 (1884); *Chestnut Street National Bank v. Fidelity Insurance,* 186 Pa. 333, 40 Atl. 486 (1898), as support for the proposition that when a settlor makes a transfer in trust without consideration, and reserves a life estate, postponing the beneficiaries' enjoyment of the trust until the settlor's death, then the trust is testamentary, and therefore revocable. This holding of *Frederick's Appeal* has been consistently distinguished by this Court and we have expressly limited that case to its particular facts. *Damiani v. Lobasco,* 367 Pa. 1, 5-6, 79 A. 2d 268 (1951); *Rynd v. Baker,* 193 Pa. 486, 492-93, 44 Atl. 551 (1899); *Wilson v. Anderson,* 186 Pa. 531, 537-38, 40 Atl. 1096 (1898). There is no vitality remaining in this doctrine of *Frederick's Appeal* and its following; these cases do not declare the law in Pennsylvania. The law was enunciated correctly by Mr. Justice SHARSWOOD in the early case of *Ashhurst's Appeal,* 77 Pa. 464, 468 (1875). "It is hardly necessary to add, that the rights of creditors not being in question, a person may make an irrevocable deed of trust of property for himself for life with remainder to his children, and the trust be an active one, if so drawn that the entire equitable interest or estate does not vest in the cestui que trust. Such deeds are often executed by young men or women by the advice of judicious friends, and to hold that they can be revoked at pleasure, would render such dispositions worse than useless." *Accord: Jones's Trust Estate,* 284 Pa. 90, 93, 130 Atl. 314 (1925).

"If by the terms of the trust an interest passes to the beneficiary during the life of the settlor, although the interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not a

testamentary trust. . . . The disposition is not testamentary and the intended trust is valid, even though the interest of the beneficiary is contingent upon the existence of a certain state of facts at the time of the settlor's death." [2] *Restatement,* supra, §56, comment f.

This Court, speaking through former Chief Justice HORACE STERN, has declared itself to be in accord with the *Restatement* rule: "Nor was the estate given to the remaindermen testamentary in nature; the deed vested in them an immediate, beneficial interest, only the enjoyment and possession being postponed until the death of the grantors. . . ." *Murphey v. C.I.T. Corp.,* 347 Pa. 591, 594, 33 A. 2d 16 (1943). See *Windolph v. Girard Trust Co.,* 245 Pa. 349, 368, 91 Atl. 634 (1914) ; *Scott,* supra, § 56.5. We adhere to this view.

The decree is affirmed at appellant's cost.

---

[2] Even though the actual beneficiaries are unascertained until the death of the settlor, the trust is not testamentary since here the settlor's children or his heirs at law are ascertainable by "an act of independent significance". Restatement, Trusts, §56, comment g, and §54, comment c, illustration 2 (1935) ; Scott, Trusts, §54.2 (1956).