C. William **BERGER** and Margaret R. Berger, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 75–470.

United States District Court, W. D. Pennsylvania.

March 25, 1980.

**50**

Marvin S. Lieber, Alan Garfinkel, Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., for plaintiffs.

Beth Kaswan, U. S. Dept. of Justice, Tax Division, Washington, D.C., for defendant.

## OPINION

DIAMOND, District Judge.

The plaintiffs C. William Berger and Margaret R. Berger, his wife, brought this action to compel the United States government to refund gift taxes and interest paid in the amount of $31,316.08. The Bergers paid the gift tax in connection with a transfer by Mr. Berger of property into two irrevocable trusts for the benefit of Margaret R. Berger and the Bergers' minor children.

In late 1968 and early 1969 Mr. Berger became interested in federal government service. At that time he was high on the list of those considered for a top level Federal Aviation Administration position, and from the press reports which he had read he believed that he had to place all of his *assets* into an irrevocable trust in order to comply with the Nixon administration's policies on public service conflicts of interest. To this end Mr. Berger liquidated all of his property, including even the sale of his private residence, and placed the bulk of these assets into two irrevocable trusts with the Pittsburgh National Bank. During the preparation of the trust instrument, a trust officer with the bank suggested that the trust be made revocable. However, Mr. Berger rejected this advice and insisted that the trust be irrevocable in order to comply with the government's conflict of

interest rules as he understood them. Accordingly, on February 26, 1970, the irrevocable trusts in question were created.

By the summer of 1970, the prospects of employment with the FAA evaporated. The taxpayer sought employment with the State Department, but when this too did not materialize he ceased his efforts to obtain public service employment.

On April 12, 1971, the Bergers filed a gift tax return that indicated a total transfer of $180,000.00. Payment for the gift tax due on the transfer was not included, however, and on July 20, 1971, the Bergers filed an amended gift tax return alleging that no taxable transfer had in fact occurred and that therefore no tax was due.

Mr. Berger sought judicial reformation of the trust in the Court of Common Pleas of Allegheny County, Pennsylvania. And on September 15, 1971, he obtained an order reforming the trusts to trusts which would become revocable on instructions from Mr. Berger. However, since the Court of Common Pleas lacked jurisdiction over trusts, the order of reformation of September 15, 1971, was void. Mr. Berger then sought reformation in the proper forum, the Orphans' Court Division of the Court of Common Pleas of Allegheny County, Pennsylvania. That court also ordered reformation of the trust instrument again converting the trusts from irrevocable trusts to trusts that were revocable on instructions of Mr. Berger.

The Internal Revenue Service denied the July 20, 1971, amended tax return on its merits. Plaintiffs then paid under protest a total of $29,241.70 in taxes and interest of $2,074.38, and brought the instant action seeking a refund.

■ We have before us cross motions of the parties for summary judgment. The government conceded at the pretrial conference that it would not challenge Mr. Berger's contention that he was motivated to transfer his assets into an irrevocable trust by his mistaken belief that an irrevocable trust was the only means to comply with the Nixon administration's conflicts of in-

terest policy.[1] Plaintiffs raise no other issue of fact in relation to the transfer of Mr. Berger's assets into trust. There remains, therefore, only the following determinative question of law for the court:

> Whether or not the taxpayer's revocation under the laws of the state where it was made of a gift transfer, complete in law when made, but which was the result of taxpayer's unilateral mistake, can abrogate the federal gift tax which accrued as a result of such a transfer?

■ Congress has authority to decide what property interests and transactions shall be subject to tax, but we must look to state law for the definition of various property interests and transactions. *Blair v. Commissioner*, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465 (1937). To determine the nature of a state created interest, a federal district court need give "proper regard" to state trial court determinations of a taxpayer's property interest. *Estate of Bosch*, 387 U.S. 456, 464, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). However, the district court must independently review state law to determine if the state trial court followed the applicable state doctrines. *Bosch, supra*, at 465, 87 S.Ct. at 1782.

■ Pennsylvania law permits the revocation of a gratuitous transfer into trust, made as a result of the grantor's unilateral mistake of fact or law. *In Re Curry*, 390 Pa. 105, 134 A.2d 497 (1957); *First National Bank of Sunbury v. Rockefeller*, 333 Pa. 553, 5 A.2d 205 (1939). For equity to grant reformation of a deed, the evidence that the grantor's mistake existed at the time of the transfer must be clear, precise, and convincing. *Masgai v. Masgai*, 460 Pa. 453, 333 A.2d 861 (1975), *La. Rocca Trust*, 411 Pa. 633, 192 A.2d 409 (1963). Thus, Pennsylvania law will revest the grantor with complete ownership provided the difficult burden of proof is met and the grantor acts promptly upon discovery of his mistake to assert his rights. *See generally*, Summary of Pennsylvania Jurisprudence, Gifts Inter

Vivos §§ 681–684 (1962). Here, however, we need not review the state trial court's record to ascertain the soundness of its rulings since the government concedes that but for Mr. Berger's mistaken conception of the conflicts of interest policy he would not have undertaken the transfer. See footnote 1 supra. The question remains as to whether or not the state-recognized right to reform the trust from irrevocable to revocable based on the grantor's unilateral mistake can abrogate the gift tax imposed upon the original transaction. The impact of the state right upon the federal tax scheme is a federal question. *Blair, supra*, 300 U.S. at 11, 57 S.Ct. at 332. The federal gift tax accrues to a grantor's transfer of property when the transfer is beyond his dominion and control as to whom will be the beneficiaries of the transferred property. *Sanford's Estate v. Commissioner*, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20 (1939).

In the case *sub judice*, the original deed of trust created an irrevocable transfer. In contrast with *Sanford*, where the grantor reserved a right to modify the terms of trust, Mr. Berger intentionally, albeit as the result of a mistake, relinquished all his legal rights over the property. He did, however, retain an equitable right under Pennsylvania law to reformation based upon the mistaken conveyance.

Federal courts have entertained suits to abrogate gift taxes based upon a mistake at the time of conveyance which give rise to the tax. *Dodge v. United States*, 413 F.2d 1239 (5th Cir. 1969), *Margarita Touche*, 58 T.C. 565 (1972). In both cases, due to a scrivener's error the deed conveyed more property than the grantor had intended. The courts relieved the taxpayers of gift tax liability on the ground that there existed a right to reformation under the applicable state law upon the production of requisite proof to the courts to establish the basis for reformation.

---

1. At a pretrial conference held on June 19, 1978, the attorney for the government stated: "Your Honor, I would concede that the plaintiff was under a misconception when he made this trust as to the conflict of interest laws in the United States, and that was the reason he made it." Page 38 of the pretrial transcript.

**52**

*Commissioner v. Allen*, 108 F.2d 961 (3rd Cir. 1939), *cert. denied*, 309 U.S. 680, 60 S.Ct. 718, 84 L.Ed. 1023 (1940) set forth this Circuit's position on the effect of a residual right of revocation under state law upon a gift otherwise complete on its face. The *Allen* court held that until the grantor relinquished the state law right of revocation, the gift was incomplete and immature and thus, not subject to federal gift tax. *Allen, supra*, at 963.

Congress devised the gift tax system to complement the estate tax structure *Sanford* 308 U.S. supra, at 44, 60 S.Ct. at 56. By recognizing that the present gift into trust was *incomplete* for mistake, there can be no transfer tax, since Mr. Berger remained owner of the property. However, the integrity and efficacy of the federal gift tax system is in no way threatened, since before the taxpayer may obtain ultimate tax relief from his mistake he must perfect a state right to reform, he must present evidence to the state court to meet the requisite standard of proof under its law, must not be guilty of laches under the state law, and must satisfy the federal court that the state court properly applied its law.

Here, as we have stated, the government has conceded that Mr. Berger acted upon a mistake in creating an irrevocable, hence, taxable, trust; Pennsylvania law permits reformation or revocation of such a gift transfer; Mr. Berger had the trust reformed in Pennsylvania Courts in accordance with Pennsylvania law, and therefore, summary judgment will be entered for the taxpayer.