Mathew's Trust Estate.

Argued January 30, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*R. S. Taylor,* of *Taylor, Schrader & Riskin,* with him *William H. Lathrop* and *Robert T. McCracken,* for appellant.

*T. B. K. Ringe*, with him *C. E. Morgan, 3rd*, of *Morgan, Lewis & Bockius, Wayne E. Barber* and *Fox & Fox*, for appellee.

OPINION BY MR. JUSTICE BARNES, May 6, 1940:

The sole question presented by this appeal is whether the court below has jurisdiction to audit the account of a substituted trustee under a deed of trust, where it appears that jurisdiction over the trust was first exercised by the court of another county in which one of the two original trustees resided.

The facts are as follows: James E. Matthews, a resident of Bethlehem, Northampton County, created a trust for the benefit of his son, Francis M. Mathews, for life, with successive life estates and remainders over, by a deed dated December 30, 1918, and a supplementary indenture executed on June 14, 1919. The Girard Trust Company, in Philadelphia, and Dallett H. Wilson, of Bethlehem, were named as trustees, and the corporate trustee was given custody of the securities composing the trust fund.

In 1924 the settlor requested the Girard Trust Company to resign in order that the Bethlehem Trust Company, of which he had become an officer, might be substituted as trustee. The Girard Trust Company acceded to his request, and thereupon an account was filed by the trustees in the Court of Common Pleas No. 4 of Philadelphia County, covering the period from the inception of the trust to April 30, 1924.

The account was duly audited and confirmed, and by decree entered on July 10, 1924, the balance of the fund, amounting to $334,125.75, was awarded by the Philadelphia court to the Bethlehem Trust Company and Dallett H. Wilson as substituted trustees. They had been appointed as such by the settlor under a supplemental deed dated June 28, 1924. Thereafter, the trust was administered solely in Northampton County where the entire res was held, and no further action or proceeding

was taken in the court of common pleas of Philadelphia County.

Dallett H. Wilson resigned as trustee in 1927, and on August 12 of that year the trustees filed an account in the Court of Common Pleas of Northampton County, where it was audited and confirmed, the balance being awarded by the court to the Bethlehem Trust Company as sole trustee. In 1931, that no question might arise concerning his right to appoint the Bethlehem Trust Company as trustee to succeed the Girard Trust Company under the terms of the trust deed, the settlor petitioned the same court to confirm his appointment of the Bethlehem Trust Company in 1924, and a decree to such effect was accordingly entered. All matters relating to the trust estate requiring court action have come before the Northampton County court since the Girard Trust Company resigned as trustee, and no objection to its full assumption of jurisdiction has been made by any party in interest until the present time.

In 1932, the Bethlehem Trust Company and The First National Bank and Trust Company of Bethlehem were consolidated under the name of the latter institution, which succeeded to the trusteeship. The present account was filed on February 15, 1938, in the court of Northampton County, covering the administration of the trust from August 5, 1927, to December 31, 1937. Francis M. Mathews, the life beneficiary, filed exceptions thereto, and after the appointment of guardians for minor beneficiaries and a trustee for possible unborn parties in interest, the case was called for audit.

On September 22, 1939, while these proceedings were pending, the trustee filed an account of the trust in the Court of Common Pleas No. 4 of Philadelphia County, for the period from May 3, 1924 (i. e. from the time of the resignation of Girard Trust Company), to December 31, 1937, and also filed a petition for distribution of the balance shown thereby, which is now awaiting the determination of this appeal.

The trustee then moved to withdraw the account filed in the Northampton County court upon the ground that jurisdiction over the trust estate until its termination and final distribution, was first acquired by and continued in the Philadelphia court. This motion was denied by the court of Northampton County; the exceptions to the account were sustained and the trustee was directed to file a restated account. The court in banc thereafter dismissed the trustee's exceptions to the adjudication and confirmed absolutely the restated account, whereupon the trustee appealed. As we have said, the only question before us is whether the court below had jurisdiction to audit the present account.

The Act of June 14, 1836, P. L. 628, which governs the administration of trusts *inter vivos,* provides in Section 15 that ". . . the court of Common Pleas of the county in which [the] trustee shall have resided *at the commencement of the trust,* or, if such trustee be a corporation, in which such corporation is situate, . . . shall exercise the jurisdiction and powers given by law in regard to such trust. . . ."

When the settlor created this trust in 1918, one of the trustees resided in Northampton County and the other was domiciled in Philadelphia County, so that the courts of common pleas of both counties had jurisdiction over its administration. The jurisdiction first invoked was that of the Philadelphia County court, and, so long as its actual supervision of the trust continued, comity required that control over the accounts of the fiduciaries and matters affecting the management of the estate remain in that court. In *Thompson v. FitzGerald,* 329 Pa. 497, (affirmed by the Supreme Court of the United States in *Princess Lida v. Thompson,* 305 U. S. 456), we pointed out the many dangers and chaotic conditions which would arise if two courts should endeavor to exercise concurrently jurisdiction over a trust.

We have held that jurisdiction to supervise the administration of a trust is *quasi in rem: Thompson v.*

*FitzGerald,* supra; *Simpson's Est.,* 253 Pa. 217. And the parties could not, by invoking the jurisdiction of the Philadelphia County court, completely divest the Northampton County court of the jurisdiction conferred upon it by the Act of 1836, supra, since at the commencement of the trust one of the two trustees was a resident of Northampton County.

However when the Girard Trust Company resigned in 1924, the trust res was awarded by the court, at the request of the parties in interest, to trustees resident in Northampton County. The administration of the trust was entirely removed to that county, and the jurisdiction of the court below was thereafter invoked whenever judicial action was required. Orders have been made therein respecting the purchase and improvement of real estate, the transfer of securities, and the discharge of one of the substituted trustees. None of the parties has objected to its authority to make these orders, and for a period of more than fourteen years there have been no proceedings affecting the trust in the Philadelphia County forum. For all practical purposes the administration of the trust under the supervision of the Philadelphia court became a closed chapter. Therefore, it seems to us that continuity and orderly procedure in the matters affecting the trust estate will best be served by a continuance of the jurisdiction of the court of Northampton County, until the trust is terminated and final distribution takes place. To set aside at this time and to re-open all of the proceedings which have taken place in the Northampton court would be inimical to the interests of the parties and result in confusion.

In *Thompson v. FitzGerald,* supra, (p. 513) we recognized the principle that while successive steps may be involved in the administration of a trust they constitute but a single legal proceeding. We there upheld the rule that once a court has acquired jurisdiction over a trust it retains that jurisdiction until termination thereof and final distribution. But we feel that the facts

here present require that this case be made an exception to these well established doctrines. In reaching this conclusion it must be understood that we do not intend to establish a precedent or rule that jurisdiction over a trust estate may be transferred at the will of the parties from the court of one county, where jurisdiction has been acquired, to the court of another county. It is because of the unusual equitable considerations here present that a departure from the general rule seems to be justified. See *Sprigg v. Title Ins. & Trust Co.*, 206 Pa. 548, 555.

No conflict of jurisdiction arose in the present case until the trustee attempted to file its account with both tribunals. A different situation existed in *Thompson v. FitzGerald*, supra, where courts possessing concurrent jurisdiction were asked to adjudicate the same controversy, and we decided that the court which first obtained jurisdiction over the subject matter of the dispute should retain it upon the principle of comity.

The trustee relies upon *Simpson's Est.*, supra, but that case likewise is distinguishable, because there both trustees at the commencement of the trust resided in Allegheny County. In consequence, under the Act of 1836, supra, the court of common pleas of that county had exclusive jurisdiction. Here, however, as we have seen, there was concurrent jurisdiction in the courts of the two counties in which the original trustees resided.

The decree of the court below is affirmed, and appellant is directed to take all proceedings necessary to withdraw the account filed for audit in the Court of Common Pleas No. 4 of Philadelphia County. Costs of this appeal to be paid by appellant.

Mr. Justice LINN dissents.