Garrison Estate.

Argued November 14, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*C. W. Dickson,* for appellant.

*Thomas C. Moore,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 8, 1958:

This appeal arises from the refusal of an Orphans' Court to appoint an additional trustee, resident in Pennsylvania, to serve with a non-resident testamentary trustee to handle and expend funds of the trust for certain community purposes.

Forest L. Garrison, a resident of West Virginia, died testate, on November 26, 1934. Under his will he appointed the Kanawha Banking and Trust Company of Charleston, West Virginia, as trustee "to carry out all of the provisions of [his] will". The pertinent provisions of the will are as follows: "The residue of the income from my estate . . . shall be disposed of as follows: Twenty per cent (20%) shall be retained by the Trustee and reinvested for the estate. Eighty per cent (80%) shall be paid to the First National Bank of Shickshinny, Pennsylvania, to be judicially expended for the sole use and benefit of the Borough of Shickshinny, Pennsylvania, as may be agreed upon by the Board of Directors of the said

First National Bank of Shickshinny, Pennsylvania, and the Town Council of said Borough of Shickshinny, Pennsylvania. In case a sum of ten thousand Dollars ($10,000.00) accumulates in said Bank and the directors and Town Council above referred to, fail to agree upon the expenditure: Said amount shall be forfeited to said Borough and be paid to the County Poor District in which the Borough of Shickshinny is located."

For twenty-three years the West Virginia trustee has annually paid the stated income to the appellant bank and the income has been expended in the manner and mode agreed upon by appellant's directors and the Shickshinny Town Council.

On April 10, 1957 the appellant bank presented a petition to the Orphans' Court of Luzerne County requesting that it be appointed "a resident trustee within the Commonwealth of Pennsylvania to act in conjunction with the non-resident trustee in the management and disposition of said trust, and to act as an additional trustee within the Commonwealth of Pennsylvania to serve with the non-resident trustee . . .". The court then granted a rule to show cause why the appointment should not be made. The Borough of Shickshinny was given notice of the proceedings and filed an answer in the nature of a demurrer which set up, inter alia, that no legal or factual reason was averred why a trustee should be appointed, that the court had no jurisdiction over this out-of-state trust, that the Shickshinny Bank was a mere depository of funds and expenditures from the funds were not by the bank as such, but by its directors and the Shickshinny Town Council and, lastly, if the bank were appointed trustee the borough also should be appointed trustee. Neither the County Poor District, nor its successor, nor the Attorney General was given notice of this petition.

The court below refused to appoint the bank as trustee and from its decree this appeal was taken.

The statute authorizing the appointment of trustees—applicable as of the date of decedent's death—provides: "When the trustee or trustees of any estate shall reside out of this Commonwealth, and any part of the trust estate, property, or fund is situated within this State, the proper orphans' court *may,* on the petition of any of the parties interested in said trust property, appoint one or more trustees, resident within this Commonwealth, to act in conjunction with said nonresident trustee or trustees in the management and disposition of said trust; and the said court shall have the same power over said trustee or trustees, so appointed, that it has in other cases of trust": The Fiduciaries Act of June 7, 1917, P. L. 447, §57(b), 20 PS Ch. 3, App. §992. (Emphasis supplied) The Fiduciaries Act of April 18, 1949, P. L. 512, art. IX, §903, 20 PS §320.903—applicable at the time of the present petition—provides: "Resident co-trustee. When no trustee shall be a resident of the Commonwealth, the court, after such notice as it shall direct, *may* appoint one or more additional trustees resident within the Commonwealth to serve with the nonresident trustee or trustees". (Emphasis supplied)

The expressed wording of these statutes makes the appointment of a trustee a matter within the discretion of the court; therefore, our only area of review is the determination whether the court below committed an abuse of discretion in its refusal to appoint a co-trustee.

At the outset it is obvious that this trust is for a charitable purpose,—the welfare of the Borough of Shickshinny—and is properly a charitable trust.[1] Be-

---

[1] *Bangor Park Association Case,* 370 Pa. 442, 88 A. 2d 769; *Abel et al, Trustees v. Girard Trust Company, Trustee (et al.),*

ing a charitable trust notice of these proceedings should have been given to the public's representative, the Attorney General of the Commonwealth.[2] This Court has recently said in *Pruner Estate*, 390 Pa. 529, 531, 136 A. 2d 107: "In *Curry Appeal*, 390 Pa. 105, 108, 134 A. 2d 497 (1957), we reaffirmed the principle that unless a court has all parties in interest before it, by appearance or service of process, it cannot proceed to a binding decree. In this proceeding we are satisfied that no relief could have been granted the appellant because an indispensable party—the public— had not been given notice and brought upon the record through its representative and spokesman, the attorney general.

"The beneficiary of charitable trusts is the general public to whom the social and economic advantages of the trusts accrue. But because the public is the object of the settlors' benefactions, private parties have insufficient financial interest in charitable trusts to oversee their enforcement. Consequently, the Commonwealth itself must perform this function if charitable trusts are to be properly supervised. The responsibility for public supervision traditionally has been delegated to the attorney general to be performed as an exercise of his *parens patriae* powers. See Commonwealth ex rel. Minerd v. Margiotti, 325 Pa. 17, 23, 188 Atl. 524 (1936). These are the ancient powers of guardianship over persons under disability and of protectorship of the public interest which originally were held by the Crown of England as the 'father of the country,' 3 Blackstone, Commentaries 47; Fontain v.

---

365 Pa. 34, 73 A. 2d 682; *Fire Insurance Patrol v. Boyd*, 120 Pa. 624, 15 A. 553; Restatement of the Law, Trusts, §373; Scott on Trusts (2d ed.), Vol. IV, §§373, 373.1; Bogert, Trusts and Trustees, Vol. 2A, §378.

[2] *Henceforth* in *all* proceedings involving charitable trusts notice thereof must be given to the Attorney General.

Ravenel, 58 U. S. (17 How.) 369 (1855), and which as part of the common law devolved upon the states and federal government. Fontain v. Ravenel, supra. Specifically, these powers permitted the sovereign, wherever necessary, to see to the proper establishment of charities through his officer, the attorney general, and to exercise supervisory jurisdiction over all charitable trusts. 3 Blackstone, Commentaries 427.

"Our legislature recognized the historic interest of the attorney general in charitable trusts, as well as the benefits to be gained from his appearance in litigation affecting them, by requiring that he be given notice of proceedings for the application of *cy pres.* Act of April 24, 1947, P.L. 100, §10, 20 P.S. §301.10. This enactment did not enlarge the powers of the attorney general in *cy pres* proceedings, but rather statutorily affirmed his responsibility in such actions. For, not only in actions involving the application of *cy pres* but in every proceeding which affects a charitable trust, whether the action concerns invalidation, administration, termination or enforcement, the attorney general must be made a party of record because the public as the real party in interest in the trust is otherwise not properly represented.

"This fundamental principle that the attorney general is an indispensable party in a proceeding such as the one before us should have compelled the orphans' court to refuse the present petition without considering the merits thereof, and any order granting relief to the petitioners would have been void." On this ground alone the Court below would have been justified in refusing to entertain this petition.

In addition, another necessary party—the County Poor District in which Shickshinny Borough is located[3],

---

[3] Although the County Poor District has been abolished, its successor is the Luzerne County Institution District.

—received no notice of these proceedings. As a possible recipient of income from the trust in the event of a disagreement between the parties over the expenditure of the income, it had a real interest in this proceeding. On that ground also the court below would have been justified in refusing to entertain this petition.

Appellant bank takes the position that under the decedent's will it is now and has been for twenty-three years acting as a de facto trustee or co-trustee. With that position we disagree. Under the will the bank is a mere depository of the income turned over to it from time to time by the trustee, without any power of investment or discretion in the expenditure of the money which it receives. The decedent did not say in his will that the income was to be "judicially expended" *by the bank;* rather, the expenditures are to be made *by the directors* of the bank and *by the members of the Town Council* of the borough. Decedent's choice of words in this carefully prepared will clearly indicates that the power of expenditures was placed in those individuals who occupied the status of bank directors and in those individuals who occupied the status of borough councilmen. Any doubt as to such conclusion is resolved by that clause of the will which refers to a possibility of disagreement between the "directors" and "Town Council", not the bank and the "Town Council". Even if it be construed that the decedent contemplated that the bank act through its board of directors in connection with the expenditures, the bank has not been acting any more as a trustee de facto than has the Town Council of the borough. The decedent placed the power of determining the manner and mode of expending the trust income in both the directors and the Town Council, each group having an equal voice.

Appellant bank takes the further position that it must be appointed trustee so that it can file regular accountings of its receipts and expenditures of the income with the court. It is self-evident that the directors and the Town Council and the bank are *all* accountable to the West Virginia trustee and such trustee has the right to come into our courts and require an accounting of these parties. Furthermore, even though the situs of the trust be in West Virginia, the Attorney General, under his supervisory authority over the expenditures of this money for governmental purposes in Pennsylvania, could call upon all these parties to account for their expenditures.

Appellant's authorities—*Schoble Trust Estate,* 346 Pa. 318, 30 A. 2d 316; *Mathew's Trust Estate,* 339 Pa. 219, 13 A. 2d 9; *Welles's Estate,* 161 Pa. 218, 28 A. 1116—all deal with the *jurisdiction* of the Orphans' Court to make the appointment. The instant situation is one in which the court, while it did have the *authority* or *jurisdiction* to make this appointment, found no *necessity* to make the appointment. In the exercise of its discretion the court found no reason justifying or necessitating the appointment of the bank as a co-trustee or an additional trustee. A review of this record sustains the court's exercise of its discretion and its action must be upheld.

The type of trust with which we herein deal has been well described: "By the terms of the trust the legal title to the trust property may be vested in a designated trustee or in several trustees but the control of the administration of the trust may be conferred upon others. In such a case the trustees have no active duties. So also, by the terms of the trust the financial administration of the trust may be committed to the trustee and the power to determine the purposes to which the trust property shall be applied may be

vested in others. This method of administering the trust is that which is employed in the so-called 'community trusts.' The title to the trust property and the power to invest and reinvest is conferred upon a bank or trust company, but the charitable purposes to which the property shall be applied from time to time are determined by a group of persons selected in accordance with the terms of the trust instrument."[4]

Decree affirmed. Costs to be paid by appellant.

---

[4] Scott on Trusts (2d ed.), Vol. IV, §380, p. 2737.