PEERLESS WALL PAPER & PAINT
COMPANY, a corporation,
Plaintiff,

v.

MANUFACTURERS LIFE INSURANCE
COMPANY, a corporation, Defendant.

BERTAB, INC., a corporation, Plaintiff,

v.

BANKERS NATIONAL LIFE INSUR-
ANCE COMPANY, a corporation,
Defendant.

Dorothy TABLES, Plaintiff,

v.

CROWN LIFE INSURANCE COMPANY,
a corporation, Defendant.

BERTAB, INC., a corporation, Plaintiff,

v.

CROWN LIFE INSURANCE COMPANY,
a corporation, Defendant.

Civ. A. Nos. 60–458, 60–516 to 60–518.

United States District Court
W. D. Pennsylvania.

Dec. 15, 1960.

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiffs.

Alexander Black, Robert L. Frantz, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendants.

JOHN W. McILVAINE, District Judge.

These cases come before this Court on defendants' motions for stay of proceedings filed in this Court to recover proceeds of certain insurance policies issued by the defendant insurance companies. In policies involved at Civil Action Numbers 60–516, 60–517, and 60–518, the defendant companies insured the life of Jack Tables. In the policy involved at Civil Action Number 60–458, defendant, The Manufacturers Life Insurance Company, had insured the life of Sam A. Baskind. The defendant companies have taken the position that misrepresentations were made by the insureds. Tenders were made by the insurance com-

panies which were refused by the beneficiaries. Thereafter the insurance companies filed suits in the Court of Common Pleas of Allegheny County and paid the amount of premiums into the Registry of that court. These were suits filed in equity seeking to rescind the policies on the ground that the issuance of said policies was procured by fraud. These suits were filed in April and June of 1960. In July of 1960, the beneficiaries filed suit in the United States District Court by virtue of diversity of citizenship and the amount in controversy seeking to recover the proceeds of the policies.

■ This case presents the question that where a life insurance company has brought an equity suit in a state court to rescind a policy which it alleges to have been issued in reliance on fraudulent misrepresentation in the applications therefor and the insured has died whether a federal court in which the beneficiary subsequent thereto brings a suit to recover the proceeds of the policy should stay its proceedings pending disposition of the state court action? It would appear that both the state court and this court have jurisdiction which has properly been invoked. What then should the federal court do when it has been asked to stay its jurisdiction? There are many spheres of legal rights and remedies within which the jurisdiction of federal and state courts will compete. It would appear, however, that there must be some sound reason to support the stay of a federal action for the federal courts may not surrender their jurisdiction whether it be based upon a federal claim or upon diversity. Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9. In the Winter Haven case it was pointed out that:

"The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts. In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment * * * When such exceptional circumstances are not present, denial of that opportunity by the federal courts merely because the answers to the questions of state law are difficult or uncertain or have not yet been given by the highest court of the state, would thwart the purpose of the jurisdictional act." Meredith v. City of Winter Haven, supra, 320 U.S. at page 234, 64 S.Ct. at page 11.

■ The Supreme Court pointed out that the exceptions relate to the discretionary powers of courts of equity and listed many of the exceptions. However, none of the exceptions that the Supreme Court pointed out is present in this case. Congress has adopted a policy of opening the federal court to litigants in all diversity cases involving the jurisdictional amount. We do not feel that there is any policy that because a case is pending in the state court that in itself is sufficient reason why this Court should stay its proceedings.

Something in addition must be found. The facts here are insufficient to issue a stay. This does not mean that certain factual situations might not move this Federal Court to issue a stay. But in the average case we do not think that there ought to be a "race to the courthouse", and the party who gets there first should have its suit tried first. To issue a stay in this case would in effect sanction such a "race".

### Order

And now, to wit, this 15th day of December 1960, it is ordered and directed

that for the reasons stated in the foregoing opinion, the motions to stay the proceeding in Civil Actions 60–458, 60–516, 60–517, and 60–518 are denied.