## Gerhart Estate

*Herbert S. Levy*, for petitioner.

BOWMAN, P. J., April 2, 1964.—We are surprised that the petition we are about to discuss should have been presented to us. We doubt very much that the benevolent testator, whose last will and testament we shall also discuss, ever contemplated that his $40,000 testamentary gift "for the alleviation, help, support and maintenance of residents of Lancaster County, Pennsylvania, who are afflicted with a hearing handicap" might be applied to the liquidation of an indebtedness on a building.

Robert L. Gerhart, testator, died January 3, 1961. In his will he provided, inter alia, as follows:

"Fourth: I give and bequeath unto The Hearing Conservation Center of Lancaster County, Pennsylvania, the sum of Forty Thousand ($40,000.00) Dollars, the same to be held, invested and reinvested by it, and the net income and principal thereof to be used, expended, paid out and distributed by it, in its sole and absolute discretion, for the alleviation, help, support and maintenance of residents of Lancaster County, Pennsylvania, who are afflicted with a hearing handicap, said fund to be known as the 'BERTHA RODNEY PATTERSON MEMORIAL FUND.' In the event the said Hearing Conservation Center of Lan-

caster County, Pennsylvania, should be or become disbanded or should become wholly maintained by funds supplied by the Commonwealth of Pennsylvania, or any other governmental district or agency, then I direct that any remaining principal and accrued income in said fund at that time shall be transferred to The Lancaster County Foundation, the same to be held, invested and reinvested by it and the net income and principal thereof to be used, expended, paid out and distributed by it, in its sole and absolute discretion, for the alleviation, help, support and maintenance of blind, deaf, deaf and dumb persons who shall be residents of Lancaster County, Pennsylvania, said fund to also be known as the 'BERTHA RODNEY PATTERSON MEMORIAL FUND.' "

In an adjudication filed January 11, 1962, this court awarded to The Hearing Conservation Center of Lancaster County, as trustee, cash in the amount of $26,290.29 on account of the trust legacy. In a subsequent adjudication filed March 14, 1963, an award of $13,609.71 was made for the balance of the legacy and interest in the amount of $1,776.34. On November 4, 1963, the trustee filed its petition seeking a declaratory judgment under the provisions of the Act of June 18, 1923, P. L. 840, sec. 4, which reads in part as follows:

"Any person interested, as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto—

". . .

"(b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

The petition seeks a determination as to the trustee's "legal right" to devote the bequest to it under the FOURTH paragraph of the will " 'for the alleviation, help, support and maintenance of residents of Lancaster County, Pennsylvania, who are afflicted with a hearing handicap' toward the payment of the deficit of its pro rata share of the cost of construction of the Health and Welfare Center at 630 Janet Avenue, Lancaster, Pennsylvania."

This is a charitable trust. Notice of the filing of the petition was given to the Attorney General. See Garrison Estate, 391 Pa. 234. No answer was filed by or on behalf of the Commonwealth as parens patriae.

From the testimony and the record, we find that The Hearing Conservation Center of Lancaster County (hereinafter sometimes referred to as the hearing center) was incorporated as a nonprofit corporation by the Court of Common Pleas of Lancaster County on December 6, 1946. Its purposes, as set forth in the articles of incorporation, are "to foster, encourage and promote the care, education and training of the hard of hearing." Its quarters are located in the building known as The Health and Welfare Center at 630 Janet Ave., Lancaster, Pa., owned by a nonprofit corporation, The Health and Welfare Foundation, hereinafter sometimes referred to as the foundation. The latter's corporate purposes are "to establish, maintain and operate a Public Health Center for the use, occupancy, and benefit of health and welfare agencies serving Lancaster County; to thereby promote, facilitate and encourage cooperation, coordination, efficiency and economy among, in, and between such health and welfare agencies; and to provide for such agencies' use, convenience and occupancy, grounds, buildings, facilities,

services and equipment, all on an exclusively charitable, non-profit basis."

On February 8, 1960, the hearing center as a "Participating Agency" entered into a written agreement (designated "Subscription Agreement") with the foundation, which agreement sets forth the contemplated construction of a building by the foundation in which space would be provided for the hearing center; that the hearing center "desires to pay the Foundation that portion of its share of the pro rata cost of construction which it has available"; that the hearing center's estimated pro rata share of the cost of construction of the building is $53,310, and that the agency has available to pay on account of such pro rata share $18,000, which it agrees to pay in three equal installments on February 1, 1960, April 1, 1960, and June 1, 1960. Clause 6 of that agreement reads as follows:

"As to any deficit, Foundation agrees that it will not assert a claim against Agency for such deficit since Agency has applied all of its available funds to pay its share. Issuance of 'Certificates of Investment' for amounts raised by Foundation's drive shall be within the sole discretion of Foundation."

On June 10, 1961, the hearing center moved into The Health and Welfare Center and occupies approximately eight percent of the building space. The actual proportionate cost of the building allocated to the space occupied by the hearing center is $60,505.93. To date the hearing center paid $18,387.96 towards the cost.

The services of the hearing center are available to any child, or adult residing in the County of Lancaster. Such services include audiometric evaluation, auditory training, hearing aid advice, speech correction, lip reading, medical diagnostic clinic and summer classes for school age children, preschool evaluation and diagnostic teaching, nursery classes and parent counseling. Of the approximately 300 persons seen annually, for

approximately 1,600 appointments, 80 percent are children. It has an annual operating budget of $10,000, approximately 20 percent of which is derived from fees for services which are based upon the ability to pay, and the remainder is received from the Community Chest of Lancaster County. No portion of the corpus of the trust under the Gerhart will has been expended, nor has the income derived therefrom, which now amounts to approximately $3,865. The hearing center has not disbanded; it is not being "wholly maintained by funds supplied by the Commonwealth of Pennsylvania, or any government district or agency." Thus the time has not arrived when the principal and the accrued income of the trust shall be transferred under the provisions of Mr. Gerhart's will to The Lancaster County Foundation.

If the petition now before us was filed for the mere purpose of seeking an advisory opinion, it should be dismissed without further comment. See Middleton Trust, 4 Fiduc. Rep. 636. However, it is apparent from the testimony that the question involved has been a controversial subject with the 24 individuals who constitute the board of directors of the trustee corporation.

This trustee, as all trustees are obliged to do, must administer the trust estate conscientiously and with diligence in accordance with the directions of the will and solely in the interests of the beneficiaries therein named. See Restatement Trusts, §§169, 170; Hilsberg Estate, 31 D. & C. 2d 686. While the power to expend principal and income is by the terms of the will vested in the trustee's "sole and absolute discretion," such consumption of principal must be for the uses and purposes specified by the testator.

Under the agreement of February 8, 1960, there is no obligation on the part of the hearing center to reimburse the foundation for any costs of construction of

the building in excess of $18,000. Nor has the foundation demanded any further payment from the hearing center. What possible purpose of the Gerhart trust would be served by the contemplated use of the trust funds? To do so would obliterate the trust. Such use in no way furthers the dominant purpose expressed by testator, which purpose is "the alleviation, help, support and maintenance of residents of Lancaster County, Pennsylvania, who are afflicted with a hearing handicap." The partial or total use of the funds must be tied to that dominant purpose.

We are unhesitatingly of the opinion, and so hold, that the proper construction of the will does not permit the application of the trust funds in the manner contemplated.

And now, April 2, 1964, we declare and adjudge that the trustee-petitioner has no legal right to consume or expend the trust fund as suggested or contemplated by the petition, and consonant with the provisions of clause (b) of section 4 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §834, The Hearing Conservation Center of Lancaster County, trustee under Item FOURTH of the last will and testament of Robert L. Gerhart, deceased, is ordered and directed to abstain from expending or applying either the principal or the income of the trust towards the costs of construction of the building known as The Health and Welfare Center.