## Weidman Estate

*J. Marlin Shreiner,* for exceptant.

*Charles V. Snyder, Jr.,* for Commonwealth, contra.

*Brown & Zimmerman,* for accountant.

BOWMAN, P. J., December 30, 1965.—Exceptions have been filed by Mary Zerfass to the adjudication of July 22, 1965, wherein the auditing judge disallowed her claim as the intended legatee of decedent's coin collection.

Decedent, Irene R. Weidman, died testate April 21, 1964. Her gross estate, as inventoried, consisted of personal property of $601,515 and real estate valued at $555,650. The greater portion of her estate was given by the residuary clause in her will in trust, the income to be distributed by the trustees "to such corporations or associations then in existence, within fifteen (15) miles of the intersection of Main and State Streets, Ephrata, Pennsylvania, organized and operated exclusively for charitable, religious, educational, literary or scientific purposes as the trustee may, in its absolute direction, determine to be the most worthy causes within such fifteen mile area".

Involved in the exceptions is the following clause in decedent's will, dated November 15, 1952:

## "3. PERSONAL EFFECTS

"I direct that none of my jewelry, wearing apparel, furniture or any other articles of personal and household use, shall be sold at public sale. I shall prepare a separate letter that I shall keep with my will, directing my executor how to dispose of and to whom to give my jewelry, wearing apparel, furniture, and other articles of personal and household use, equipment and orna-

ment. I direct that my executor give and distribute the articles specified in such letter to the persons therein designated free and clear of all taxes as set forth in Paragraph 2 of this will".

and the letter therein mentioned, which was admitted to probate and reads as follows:

"Ephrata, Pennsylvania
"November 15, 1952

"John B. Weidman, Executor:

"In accordance with Paragraph 3 of my will signed this date and as part thereof, I direct you to sell to a jeweler at private sale all my diamonds and other personal jewelry and pay the proceeds to the trustee for the IRENE R. WEIDMAN TRUST created in Paragraph 13 of my will.

"In accordance with the same paragraph of my will and as part of my will, I give and bequeath to Mary Zerfass all my wearing apparel, furniture, pictures, chinaware, silverware, and all other articles of personal and household use, equipment and ornament, with the exception of my diamonds and personal jewelry, free of all taxes, and I direct you to give all such articles and personal effects to the said Mary Zerfass.

"Irene R. Weidman (SEAL)

"WITNESSES:
"Susan G. Bard
"Guy K. Bard"

In the adjudication there were awarded to exceptant a mink coat, valued at $1,500, a mink stole, valued at $300, a mink cape, valued at $50, and "household goods, furniture and furnishings, as particularly described in inventory", having an inventory value of $14,391.34.

The coin collection which was claimed by exceptant was inventoried at $6,469.60, and appraised for inheritance tax purposes at the same amount. The coins were sold for that amount at private sale after an

appraisal by an expert. Exceptant contends that the "retail value" was $10,000, which is the amount she claimed at audit as the intended legatee under the quoted clause of the will and the letter of November 15, 1952.

Her claim is opposed by the Attorney General of the Commonwealth as parens patriae. See Garrison Estate, 391 Pa. 234.

We quote from the adjudication (page 12) :

"It was stipulated by counsel for the claimant and counsel for the executor that until decedent's entry into the Ephrata Community Hospital approximately four years prior to her death, and where she remained until her death, the decedent in her lifetime kept, maintained and stored the coin collection in her home; that sometime after decedent's admission to the hospital, the coin collection was removed to the residence apartment of the claimant and her husband for safekeeping with the knowledge and consent of the decedent and with decedent's directive that claimant keep and maintain the coin collection at her apartment; that the coin collection was so kept in claimant's apartment until decedent's death, after which the coin collection was turned over to the executor of decedent's will; and that the proceeds were derived from a sale held privately by the executor".

In his adjudication, the auditing judge considered at length the claim of exceptant. In his brief, counsel for exceptant contended, as he did at audit, that Leaver Estate, 393 Pa. 55, is decisive of the matter, and that under that case the claim must be allowed. We agree with the auditing judge that that case is distinguishable from the problem here involved and in no manner supports exceptant's claim.

In point, we think, is Beisgen Estate, 387 Pa. 425, in which testatrix, in the second clause of her will, provided: "I give, devise and bequeath unto my daughter,

Alice Irene Danko, all my personal effects, including clothing and household goods". In rejecting the contention that the bequest to daughter Alice included a bank account of $8,110 and stock worth $6.50, the court stated, at page 433:

"The words 'effects' or 'personal effects', in the early Pennsylvania cases which followed the English cases, were given a broad meaning—a meaning sufficiently broad to include all the testator's personal estate. This construction was adopted especially if a gift of personal effects (a) was not restricted by other language of the Will, or (b) if it was contained in a residuary clause: See Reimer's Estate, 159 Pa. 212, 28 A. 186, and cases therein cited. However, we believe the better view, by common usage and by recent decisions of this Court, is that 'personal effects' prima facie mean 'articles associated with the person' and do not include or mean 'all personal property', or even 'furniture'. This is especially true when they are conjoined with limiting words ejusdem generis".

It is significant that clause 3 of the will here under consideration is captioned with the words "Personal Effects". Although these two words do not otherwise appear in clause 3 or in the letter of November 15, 1952, testatrix did describe the "other articles" as being "of personal and household use, equipment and ornament" in both the body of clause 3 and the letter. In this connection, we quote from the adjudication of the auditing judge, at page 15:

"It is difficult for us to regard the coin collection of which the decedent died possessed as being an item of household use, or as being equipment, or as being an ornament. And it is difficult for us to comprehend that she regarded it as being of 'personal' use in the same sense that she regarded her jewelry and wearing apparel".

It is pointed out to us that in arriving at testatrix's

intent, we should take into consideration, inter alia, the relationship of exceptant to decedent. She was described as "a trusted, close personal friend of the decedent which relationship was a quasi parent-child". While this may be so, as the auditing judge stated, page 15 of the adjudication: "It is significant that out of a gross estate of $1,157,165 as disclosed by the inventory and inheritance tax appraisement, the testatrix, who was childless, saw fit to give claimant by express and positive dispositions a very small portion of her estate".

In his adjudication, the auditing judge referred to a "Receipt and Release" executed by exceptant and her husband on May 25, 1964, in which she stated she received from the executor a mink coat, a mink stole, a mink cape and "all wearing apparel, furniture, pictures, chinaware, silverware and all other articles of personal and household use, equipment and adornment (sic) of the decedent, Irene R. Weidman, bequeathed to me in the codicil of the will of Irene R. Weidman, dated November 15, 1952". In his brief, counsel for exceptant complains about the auditing judge's reference to this receipt and release. His complaint is that "there is attached a significance and importance to this instrument which was admittedly not intended nor at any time referred to by counsel for the estate, nor used in denying the payment of the claimant's claim at or before Audit. The admitted intent of all parties was to have said instrument only be a receipt for the articles received by Mary Zerfass, the claimant".

Aside from the reference to the instrument of May 25, 1964, what was stated by the auditing judge fully supports his conclusion that the bequest to Mary Zerfass did not include the collection of coins. We have carefully considered the adjudication, and we find no error which would justify our changing the decision reached by the auditing judge. Accordingly, we enter the following decree:

472

And now, December 30, 1965, the exceptions are dismissed, and the adjudication of July 22, 1965, is confirmed absolutely.