331 A.2d 457
Frances Isabell GOEHRING, Appellant,

v.

HARLEYSVILLE MUTUAL CASUALTY CO. et al.

Supreme Court of Pennsylvania.

Argued Oct. 8, 1974.

Decided Jan. 27, 1975.

7. Prior decisions to the contrary are overruled. See, note 3, *supra.*

140

Daniel M. Berger, C. William Berger, Berger & Kapetan, Pittsburgh, for appellant.

T. A. Tenor, Beaver Falls, Harold Reed, Jr., Reed, Sohn, Reed & Kunselman, David L. Gropp, Baldwin & Gropp, Beaver, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an equity proceeding to rescind a release given by plaintiff on the grounds of fraud, undue influence, and lack of capacity. Because the release was also involved in an action pending in the federal courts, the trial court sustained preliminary objections to jurisdiction, holding that the federal court's jurisdiction over the subject matter of the action was exclusive. This direct appeal followed.[1] We reverse and remand for further proceedings.

The events leading to filing of this action were well summarized by the trial court:

"On October 21, 1965, the plaintiff, Frances Isabell Goehring, was a passenger in an automobile driven by her husband, Oliver L. Goehring. The Goehrings' automobile was involved in a head-on collision with a truck driven by an employee of Diamond Milling Company (Diamond). Mr. Goehring was killed and Mrs. Goehring suffered substantial injuries. On October 20, 1966, almost one year after the accident, the plaintiff herein, Mrs. Goehring, executed a joint tort feasor's release in favor of her late husband, Oliver L. Goehring, deceased, and Kenneth L. Householder, Administrator of the Estate of Oliver L. Goehring, for a consideration of Twenty Thousand ($20,000.00) Dollars. The next day, that is on October 21, 1966, Mrs. Goehring filed suit

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1974).

. . . against Diamond in the United States District Court for the Western District of Pennsylvania (District Court). In that case, Diamond filed a third-party complaint against the estate of Oliver L. Goehring seeking contribution in the event Diamond's driver was determined to be negligent. Mr. Goehring's estate was represented as a third-party defendant by Harleysville Insurance Company (Harleysville), one of the defendants herein. In the case filed in the District Court, the estate, as third-party defendant, set up as a defense the joint tort feasor's release executed by the plaintiff, Mrs. Goehring. Following a trial before a jury, the plaintiff, Mrs. Goehring, in her own right, recovered a verdict in the amount of One Hundred Ten Thousand Four Hundred Seventeen ($110,417.00) Dollars against Diamond and Mr. Goehring's estate."

At this point, Mrs. Goehring instituted this action, seeking to rescind and cancel the joint tortfeasor's release. Diamond then moved in the District Court to reduce the verdict in favor of Mrs. Goehring to a money judgment for one-half the amount of the verdict because of the joint tortfeasor's release. The District Court denied the motion and stayed execution of the judgment pending determination of the validity of the release "by a court of competent jurisdiction." The United States Court of Appeals for the Third Circuit vacated the order of the District Court and directed the verdict be molded in accordance with the release. The Court of Appeals noted that Mrs. Goehring had not raised any question as to the validity of the release until after the close of evidence and held that the possibility of prejudice to the estate (which had not disputed the negligence of Mr. Goehring) precluded any attack on the release in that proceeding. On this basis, the District Court entered a final judgment against Diamond which has now been satisfied.

On the basis of the federal proceedings, preliminary objections to jurisdiction were filed in this action. The trial court sustained these objections on the ground

"that a due and proper regard for the orderly and efficient administration of justice and the necessary harmonious cooperation between Federal and State Courts compels us, under all of the circumstances existing in this case, and the present status of the Federal proceedings, to decline jurisdiction or any further proceeding in the case before us."

 The principles which govern the exercise of concurrent jurisdiction by federal and state courts are well developed. It is settled that neither court is divested of jurisdiction by the mere fact that another action involving the same dispute is pending in the other. For example, in *Kline v. Burke Construction Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922), plaintiff brought an action for breach of contract in federal court. Thereafter, the defendant in the federal action commenced a proceeding in state court alleging abandonment of the contract by the federal plaintiff and seeking an accounting. The federal court enjoined prosecution of the state action. The Supreme Court unanimously reversed, holding that, despite the virtual identity of the issues and parties to the two actions, both were purely in personam and could therefore proceed simultaneously without regard for one another until one resulted in a judgment which could be pleaded as res judicata in the other.

 However, where the nature of the action requires the court to exercise control over the administration and distribution of particular property, the first court to obtain jurisdiction of the property is vested with exclusive jurisdiction in the matter. *Princess Lida v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (state court having jurisdiction over proceedings on a trust account properly enjoined subsequent action in federal court to compel trustees to account for alleged misman-

agement and to remove trustees); *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331 (1936) (federal court improperly took jurisdiction of proceeding where United States sought to obtain delivery of funds which were in the custody of receivers appointed by state courts); *Penn General Casualty Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935) (pending federal action to place corporation in receivership divested state courts of jurisdiction to authorize state insurance commissioner to assume control of same corporation for purpose of liquidating it). The reason for this rule was well stated by this Court in *Thompson v. Fitzgerald*, 329 Pa. 497, 198 A. 58 (1938), aff'd sub nom., *Princess Lida v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939):

> "If, as here, a court has made or confirmed the appointment of trustees, has audited, and continues to be engaged in auditing their accounts, and, in general, has controlled the management and administration of trust funds for a considerable period of time, and another court were to attempt to remove such trustees, appoint others, pass upon the propriety of investments already investigated and adjudicated or in process of investigation and adjudication by the first court, and make orders on the trustees as to the furnishing of surety bonds and similar matters the management and administration of the trust would be thrown into chaotic condition. . . . Unless . . . successive steps in the administration of a trust be regarded as a unit the result would be, not only that partial accounts could be successively filed and adjudicated in different courts, but the same account could be audited simultaneously by two courts, with the obvious possibility of contradictory orders regarding the custody and sale of investments and the liability of the trustees."

Id. at 513, 198 A. at 66.

Even where one court is vested with exclusive jurisdiction over the administration of property, other courts are not thereby ousted from jurisdiction over all matters concerning that property. The jurisdiction is exclusive *only* to the extent necessary to avoid interference with the actual administration or distribution. For example, in *United States v. Klein,* 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840 (1938), a unanimous Supreme Court sustained state jurisdiction to escheat unclaimed funds in the custody of a federal court resulting from a successful action in behalf of all holders of a class of bonds. The Court reasoned that the state action did not purport to affect possession of this fund or the federal court's authority over it, but rather acted solely "upon the title of the unknown claimants in the fund," id. at 282, 58 S.Ct. at 539, and the adjudication of rights in the fund was not precluded by the federal court's exclusive jurisdiction. Accord, *Fischer v. American Life Insurance Co.,* 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444 (1942) (federal court has jurisdiction to adjudicate contest among state receivers of insolvent insurance company as to right to administer certain funds); *Commonwealth Trust Co. v. Bradford,* 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920 (1936) (federal court has jurisdiction to determine rights of claimant to share in trust proceeds notwithstanding the exclusive jurisdiction of state court over administration of trust); *Riehle v. Margolies,* 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929) (state court has jurisdiction to adjudicate a claim against receiver appointed by federal court notwithstanding federal court's exclusive jurisdiction over assets and their distribution to creditors).

While this case clearly does not involve the administration of property, the trial court apparently regarded the release whose validity was in issue as a "res" subject to the exclusive jurisdiction of the federal court. In so doing it relied on the following broad dicta in *Thompson*

*v. Fitzgerald,* 329 Pa. 497, 198 A. 58 (1938), aff'd sub nom., *Princess Lida v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939):

"The res, priority of jurisdiction over which makes such jurisdiction exclusive, need not consist of specific property or anything tangible, but may be merely a status, such as marriage, or the probate of a will. The test, as already stated, is not possession of the property, but jurisdiction over the res. *Dennison Brick & Tile Co. v. Chicago Trust Co.,* 6 Cir., 286 F. 818, 820. So in *Brown v. Pacific Mutual Life Ins. Co.,* 4 Cir., 62 F. 2d 711, it was held that where a suit was instituted in a federal court to obtain the rescission and cancellation of a policy of life insurance, a subsequent action in a state court to recover on the policy was properly enjoined."

Id. at 509, 198 A. at 64.

As this passage indicates, the cases have spoken of exclusive jurisdiction attaching whenever the action is in rem rather than in personam. However, the correct rule is not so mechanical. The test properly focuses on the narrower question of whether the later action tends to impair or defeat the jurisdiction of a court charged with administration of the res. Thus, in *United States v. Klein,* supra, the Supreme Court held that the jurisdiction of the court having "possession" of property is "exclusive only in so far as restriction of the power of other courts is necessary for [that] court's appropriate control and disposition of the property." 303 U.S. at 281, 58 S.Ct. at 538. Consequently the exclusive jurisdiction of the federal court having custody of the property there involved did not preclude state court adjudication of rights in that property. Absent the danger of conflict in administration, there is no need to depart from the general rule that

"a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending."

*Kline v. Burke Construction Co.*, 260 U.S. 226, 230, 43 S. Ct. 79, 81, 67 L.Ed. 226 (1922).

Almost all the cases in the federal courts dealing with conflicts of jurisdiction are consistent with this analysis. See 1A J. Moore & J. Wicker Federal Practice ¶¶ 0.-214, 0.221–0.222 (1974) and cases there cited.[2] Nor do the cases cited in the dicta from *Thompson v. Fitzgerald* supra give any reason to doubt the correctness of this view.[3]

2. *Farmers' Loan & Trust Co. v. Lake St. Elev. R. R.*, 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667 (1900), is not to the contrary. In that case, a trustee under a railroad bond indenture filed a bill in federal court seeking to foreclose the mortgage and place the assets of the railroad in the hands of a receiver to sell and distribute the proceeds to the bondholders. It was held that a state court has no jurisdiction of an action by the railroad and some bondholders to remove the trustee and enjoin the foreclosure as beyond the power of the trustee. That case, presenting issues of trust administration and receivership, clearly involved the danger of conflict with regard to administration of the trust.

3. In *Brown v. Pacific Mutual Life Insurance Co.*, 62 F.2d 711 (4th Cir. 1933) (federal court in which action to rescind insurance policy was pending properly enjoined subsequently filed state proceeding for periodic disability payments under the policy), the decision rested not on any theory of exclusive jurisdiction but rather on the claimed power of a court of equity to enjoin a concurrent legal action where legal remedies could not do complete justice between the parties. Regardless of whether the decision is correct, it is inapposite here for no such problem is presented. (It is worth noting that in *Peerless Wall Paper & Paint Co. v. Manufacturers' Life Ins. Co.*, 190 F.Supp. 214 (W.D.Pa.1960), the court, without citing *Brown*, concluded that it could properly proceed with an action to recover on an insurance policy notwithstanding the pendency of a prior state proceeding to rescind the policy on grounds of fraud.)

In *Dennison Brick & Tile Co. v. Chicago Trust Co.*, 286 F. 818 (6th Cir. 1923), it was held that a federal court lacked jurisdiction to entertain an action to foreclose a mortgage during the pendency of a prior state proceeding to quiet title against the same

■ The correct view is exemplified by *Miller v. Miller*, 423 F.2d 145 (10th Cir. 1970), which held that a federal court had jurisdiction of an action to cancel a deed despite the pendency of a state proceeding to quiet title to the property on the basis of the same deed or adverse possession. The court reasoned that cancellation of the deed did not require possession or control of any res, so there could be no conflict with the state court over such control. It is even more obvious that adjudication of the validity of the release involved here presents no danger of conflict with the federal court.

■ We have considered the jurisdictional question without reference to the present status of the proceedings in the District Court because the record fails to show whether any judgment has been entered in that court with respect to the estate of Mr. Goehring. If a judgment has been rendered terminating that action, then the result we reach would follow on another ground. Where one court has obtained exclusive jurisdiction of a particular matter, another court may take jurisdiction after the first has relinquished it. *Mathew's Trust Estate,* 339 Pa. 219, 13 A.2d 9 (1940).

■ Even if the action in the District Court has not yet been formally terminated, our conclusion is bolstered by the fact that, in light of the decision of the Court of Appeals, the District Court need never pass upon the validity of the release. Consequently there is no occasion to consider the propriety of staying the action, as a matter of comity, pending adjudication of the earlier federal action.

mortgage. This holding, however, rested simply on the conclusion that the actions were "in rem," without analysis of the reasons behind the "rule" forbidding concurrent actions "in rem" with regard to the same res. Such "analysis" by conclusory application of procedural labels is inadequate and unpersuasive. See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 312–313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950).

We have not considered the effect of the federal judgment as res judicata because this issue was neither decided by the trial court nor briefed by the parties. This question will remain open on remand.

Decree vacated and case remanded for further proceedings consistent with this opinion. Each party pay own costs.